UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ARNOLD MCKELVEY,                         :
                                         :
                         Petitioner,     :   03 Civ. 4843 (DLC)
                                         :
              -v-                        :   OPINION AND ORDER
                                         :
GEORGE B. DUNCAN, Superintendent, Great  :
Meadow Correctional Facility,            :
                                         :
                         Respondent.     :
                                         :
-----------------------------------------X

Appearances:

For Pro Se Petitioner:

Arnold McKelvey
No. 98-A-7261
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York  12821-0051

For Respondent:

Nicole Beder
Assistant District Attorney
New York County
One Hogan Place
New York, New York  10013


DENISE COTE, District Judge:

Pro se petitioner Arnold McKelvey ("McKelvey") filed this timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. McKelvey seeks to vacate his November 1998 conviction for possession of a weapon in the third degree. He contends that his confinement by the State of New York is unlawful for the following reasons: (1) the trial court's decision to suppress statements made to police and not the physical evidence of the

gun was erroneous; (2) the trial court's determination to sentence him as a persistent violent felon, pursuant to New York law, was inconsistent with Apprendi v. New Jersey, 530 U.S. 466 (2000); (3) his trial counsel rendered ineffective assistance to him by failing to challenge the validity of the convictions underlying the petitioner's classification as a persistent violent felon, resulting in the court's imposition of an unlawful sentence; and (4) his trial counsel rendered ineffective assistance to him by advising him not to contest the validity of the prior convictions used by the court to classify him as persistent violent felony offender.

McKelvey's petition was referred to Magistrate Judge Kevin Nathaniel Fox for a Report and Recommendation ("Report"). The Report, to which McKelvey has filed objections, recommends that the petition be denied. For the following reasons, the Report is adopted, and the petition is denied.

**BACKGROUND**

The relevant facts are set forth in the Report and summarized here. McKelvey was arrested on November 6, 1997 after he fled from three plain clothed police officers who had noticed him carrying a plastic bag that was later recovered containing a gun. Prior to trial, McKelvey moved to suppress the physical evidence of the gun, as well as his post-arrest statement that "I don't know anything about the bag. Someone gave it to me to leave on the bench." Both pieces of evidence had been presented

2

to the grand jury to obtain his indictment.  The trial court suppressed his statements, but admitted the gun into evidence.  McKelvey was convicted of possessing a weapon in the third degree.

At sentencing, the prosecution presented evidence, pursuant to N.Y. Crim. Proc. Law § 400.16 and Penal Law § 70.08, that McKelvey had been convicted of three predicate violent felonies between January 1981 and April 1988.  With the advice of counsel, McKelvey admitted that he was the person named in the predicate felony statement and he chose not to challenge the constitutionality of his past convictions.  The court declared McKelvey a mandatory persistent felony offender, making him eligible for an enhanced sentence.  McKelvey was sentenced to fifteen years to life imprisonment.

Direct Appeal

McKelvey appealed his conviction on the grounds that a police officer's suppression hearing testimony was false, and that his sentence was enhanced based on prior convictions that were not alleged or submitted to a jury.  On October 9, 2001, the New York State Supreme Court, Appellate Division, First Department, unanimously affirmed McKelvey's conviction.  The court upheld the findings of the suppression hearing and found that McKelvey's constitutional challenges were not properly preserved for appeal.  The Appellate Division found that even assuming McKelvey's constitutional challenges were properly

preserved for appeal, the arguments lacked merit. See People v. McKelvey, 730 N.Y.S.2d 857, 858 (1st Dep't 2001). The Court of Appeals denied McKelvey's application for review. See People v. McKelvey, 764 N.E.2d 404, 404 (N.Y. 2001).

Post-Judgment Motion

In addition to his direct appeal, McKelvey also made a post-judgment application to the trial court pursuant to N.Y. Crim. Proc. Law §§ 440.10 and 440.20, requesting the court to vacate his conviction for three reasons: (1) he was not adequately advised on his option to challenge the constitutionality of his past convictions during his sentencing proceeding; (2) his trial counsel failed to oppose the statement of McKelvey's past convictions, which McKelvey claimed were obtained illegally for a variety of reasons; and (3) he received ineffective representation from his appellate counsel, who McKelvey alleged had a conflict of interest.

The trial court found that McKelvey had been adequately advised at trial, and following a review of the record pertaining to each of McKelvey's attacks on his prior convictions, that his prior convictions had not been obtained illegally. The trial court also found that his claims of ineffective assistance were without merit, and in any event, had not been raised on direct appeal and therefore were procedurally barred. The court held that McKelvey's claim of ineffective assistance by his appellate counsel on his prior convictions could not be raised through a

4

N.Y. Crim. Proc. Law § 440.10 motion, and that in any event, this claim was meritless.  McKelvey did not seek leave to appeal this decision in the Appellate Division.

## DISCUSSION

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The court shall make a de novo determination of those portions of the report to which objection is made.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

Habeas petitions are subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132.  With respect to any claim that was adjudicated on the merits in state court, the petition must be denied unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (emphasis supplied).  AEDPA further mandates that a state court's determination of a factual issue shall be presumed correct and may be rebutted only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Fourth Amendment Claim

Where the state has provided an opportunity for the "full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 481-82 (1976). Federal courts may only review such a claim "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

McKelvey availed himself of the New York procedure for litigating Fourth Amendment claims pursuant to N.Y. Crim. Proc. Law §§ 710 et seq. McKelvey does not claim that he was precluded from using this mechanism because of an unconscionable breakdown in the underlying process. Moreover, McKelvey's Fourth Amendment claim was reviewed and found meritless by the Appellate Division, and leave to appeal was subsequently denied by the Court of Appeals. McKelvey has enjoyed a full and fair opportunity to litigate this claim, and therefore habeas review is precluded.

Apprendi Claim

"[A]n adequate and independent finding of procedural default

will bar federal habeas review of [a] federal claim . . . even where the state court has also ruled in the alternative on the merits of the federal claim." Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990). This rule applies absent a "showing of cause for the default and resulting prejudice, or a demonstration that failure to consider the federal claim will result in a fundamental miscarriage of justice." Velasquez, 898 F.2d at 9 (citations omitted). A "miscarriage of justice" claim is a claim that "the petitioner is actually innocent." Sweet v. Bennett, 353 F.3d 135, 141 (2d Cir. 2003). With respect to cause and prejudice, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," Amadeo v. Zant, 486 U.S. 214, 222 (1988), and convince the court of a reasonable probability that the trial's outcome would have been different so as to "undermine confidence in the verdict." Strickler v. Greene, 527 U.S. 263, 289 (1999) (citation omitted).

McKelvey's Apprendi claim is barred due to an adequate and independent finding of procedural default by the Appellate Division. See People v. McKelvey, 730 N.Y.S.2d 857, 858 (1st Dep't 2001).[1] The Report notes that McKelvey has shown neither cause for the default and resulting prejudice nor that failure to consider the claim will result in a fundamental miscarriage of justice. McKelvey objects to the Report, stating that he will

---

[1] If it were necessary to reach the Apprendi claim on the merits, the petition would be denied as well.

suffer prejudice because he has a viable claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), as well as Blakely v. Washington, 124 S.Ct. 2531 (2004). McKelvey fails to articulate any cause, however, for his default. McKelvey does not offer any reason for his failure to raise the claim in the trial court, which formed the basis for the adequate and independent finding of procedural default. McKelvey also does not claim that he is actually innocent. McKelvey's objection is therefore irrelevant, and his Apprendi claim is procedurally barred.

Ineffective Assistance of Counsel Claims

A federal court may not grant habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A). Within the Second Circuit, a petitioner has exhausted his state remedies when he has "(i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." Ramirez v. Attorney Gen. of New York, 280 F.3d 87, 94 (2d Cir. 2001). "[W]hen a 'petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claim procedurally defaulted." Sweet v. Bennett,

8

353 F.3d 135, 139 (2d Cir. 2003) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1999)).

New York law allows thirty days from a party's receipt of an order to seek a leave of appeal to the Appellate Division from that order. See N.Y. Crim. Proc. Law § 460.10(4). An application for an enlargement of that time may be made pursuant to N.Y. Crim. Proc. Law § 460.30, but "[s]uch motion must be made with due diligence after the time for the taking of such appeal has expired, and in any case not more than one year thereafter." N.Y. Crim. Proc. Law § 460.30.

McKelvey did not seek leave to appeal the trial court's denial of his post-judgment motions within the permitted thirty day period, or, for that matter, within the one year period for enlargement of that time. The Report therefore properly concludes that McKelvey's ineffective assistance of counsel claims are procedurally barred as a result of his failure to exhaust state remedies.

McKelvey objects that the Report failed to consider the cause for his failure to seek leave to appeal the post-judgment decision to the Appellate Division. McKelvey asserts that an inmate law clerk who had been assigned to assist McKelvey in preparing his application for leave to appeal was confined to his cell for a violation of prison rules and did not return the legal papers that McKelvey required to prepare his application. McKelvey fails to explain, however, why he did not submit a timely application for leave to appeal explaining the

9

circumstances he now cites, much less why he failed to file an application for an entire year thereafter. Such belated justifications for a failure to exhaust state remedies do not constitute good cause. Moreover, although McKelvey states that a federal claim "can be reviewed if there is a potential that failure to do so will result in a miscarriage of justice," he does not allege actual innocence. His habeas petition for ineffective assistance at trial is therefore procedurally barred for failure to exhaust state remedies.

## CONCLUSION

The Report is adopted and the petition for a writ of habeas corpus is denied. In addition, I decline to issue a certificate of appealability. The petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998). I also find pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition.

SO ORDERED:

Dated: New York, New York
May 10, 2005

_____
DENISE COTE
United States District Judge

10